UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IGNACIO MARTINEZ, a single person, doing business as Martinez Auto Parts, a sole proprietorship,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN HERITAGE INSURANCE COMPANY, a foreign corporation, and SCOTTSDALE INSURANCE COMPANY, a foreign corporation,<br><br>Defendants. | NO. 1:19-CV-3153-TOR<br><br>ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants' Motion for Partial Summary Judgment (ECF No. 27). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendants' Motion for Partial Summary Judgment (ECF No. 27) is DENIED.

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

# BACKGROUND

This case concerns the proper scope of commercial property insurance coverage for moisture-related loss sustained to Plaintiff's building. The following facts are not in dispute.

Defendant Western Heritage Insurance Company issued a commercial property insurance policy to Martinez Auto Parts. ECF No. 29 at 1, ¶ 1. In January 2017, Western Heritage received an insurance claim from Martinez Auto Parts alleging loss at its building. ECF No. 29 at 1-2, ¶ 2. Plaintiff submitted a repair estimate from his own adjuster, which included an estimate of $51,698.00 to complete asbestos abatement work. ECF No. 29 at 2, ¶¶ 3-4. Western Heritage responded that asbestos abatement was not covered by Plaintiff's policy because "[t]he coverage for increased cost of construction does not apply to enforcement of any ordinance or law requiring removal or containment of pollutants …." ECF No. 29 at 2, ¶ 5. Plaintiff's adjuster objected that the asbestos abatement work was covered by the policy because asbestos is "not considered a pollutant." ECF No. 29 at 2, ¶ 6.

# DISCUSSION

### A. Summary Judgment

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the

1  movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For
2  purposes of summary judgment, "[i]f a party fails to properly support an assertion
3  of fact or fails to properly address another party's assertion of fact as required by
4  Rule 56(c), the court may … consider the fact undisputed." Fed. R. Civ. P.
5  56(e)(2). In ruling on a motion for summary judgment, the court must only
6  consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764,
7  773 (9th Cir. 2002). The party moving for summary judgment bears the initial
8  burden of showing the absence of any genuine issues of material fact. *Celotex*
9  *Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-
10 moving party to identify specific facts showing there is a genuine issue of material
11 fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere
12 existence of a scintilla of evidence in support of the plaintiff's position will be
13 insufficient; there must be evidence on which the jury could reasonably find for the
14 plaintiff." *Id.* at 252.

15     For purposes of summary judgment, a fact is "material" if it might affect the
16 outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248. Further,
17 a material fact is "genuine" only where the evidence is such that a reasonable jury
18 could find in favor of the non-moving party. *Id.* Summary judgment will thus be
19 granted "against a party who fails to make a showing sufficient to establish the
20 existence of an element essential to that party's case, and on which that party will

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 3

bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. In ruling on a summary judgment motion, a court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

### B. Insurance Policy Interpretation

Defendants seek partial summary judgment on the limited question of whether Plaintiff's insurance policy covers the increased construction cost related to asbestos abatement work. ECF No. 30-1 at 3. This issue requires the Court to interpret the meaning of the policy exclusion in Plaintiff's insurance contract.

"Federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Collazo v. Balboa Ins. Co.*, No. C13-0892-JCC, 2014 WL 12042560, at *2 (W.D. Wash. May 1, 2014) (citing *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996)). "In Washington, insurance policies are construed as contracts." *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 142 Wash. 2d 654, 665 (2000). "If terms are defined in a[n insurance] policy, then the term should be interpreted in accordance with the policy definition." *Kitsap Cty. v. Allstate Ins. Co.*, 136 Wash. 2d 567, 576 (1998).

Here, Plaintiff's insurance policy generally excludes coverage for loss caused directly or indirectly by "[t]he enforcement of or compliance with any ordinance or law" when repairing the property after a loss. ECF No. 12-1 at 43.

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

1  Plaintiff's policy does include some additional coverage for increased cost of
2  construction to comply with legal standards in the event of a covered loss, but
3  excludes from this additional coverage "[a]ny costs associated with the
4  enforcement of or compliance with an ordinance or law which requires any insured
5  or others to test for, monitor, clean up, remove, contain, treat, detoxify or
6  neutralize, or in any way respond to, or assess the effects of 'pollutants'…." *Id.* at
7  19. Plaintiff's policy defines "pollutants" as "any solid, liquid, gaseous or thermal
8  irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis,
9  chemicals and waste." *Id.* at 30.

10  Defendants argue that asbestos abatement is excluded from the policy's
11  general coverage as a loss caused by compliance with a law, and that asbestos
12  abatement work also falls into the exclusion from additional coverage for increased
13  costs because asbestos is a "pollutant" within the meaning of the policy. ECF No.
14  30-1 at 10, 13. Plaintiff's opposition is largely nonresponsive to Defendants' legal
15  arguments. ECF No. 37 at 2-7. Indeed, Plaintiff spends considerable time
16  discussing mold and fungus coverage, topics not the subject of the motion for
17  partial summary judgment.

18  Regardless, Defendants maintain the burden of proof on their summary
19  judgment motion, and a genuine issue of material fact precludes summary
20  judgment on the asbestos coverage issue. *Celotex*, 477 U.S. at 323. Defendants

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 5

identify no factual evidence in the present record to establish that asbestos meets the policy's definition of a "pollutant" in the context of this case.  To the contrary, the only evidence in the summary judgment record on this issue is the opinion of Plaintiff's adjuster that asbestos is not considered a pollutant.  ECF No. 29 at 2, ¶ 6.  Because a genuine issue of material fact exists as to whether asbestos satisfies the policy's definition of a "pollutant," Defendants have not met their burden to show they are entitled to judgment as a matter of law on this issue.

Additionally, Defendants' argue that they are entitled to summary judgment because Plaintiff has not incurred repair costs within the two-year limitation period provided for under the "Increased Cost of Construction" provision of the policy.  ECF No. 30-1 at 13 (citing policy provision (A)(4)(e)(7); ECF No. 12-1 at 19).  This issue is not ripe for review because if the asbestos removal falls under the definition of pollutant, the cost is categorically excluded, whether or not it was performed within two-years after the loss.  ECF No. 12-1 at 19 (policy provision (A)(4)(e)(5)); *but see* policy provision (A)(4)(d) purporting to allow $10,000 for pollutant clean-up and removal.  If asbestos removal does not fall under the definition of pollutant, this two-year limitation provision may not apply at all.  Therefore, the Court cannot determine as a matter of law that this provision is applicable in this case.

Without adequate briefing, the Court denies the motion.

ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 6

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Motion for Partial Summary Judgment (ECF No. 27) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** July 30, 2020.



THOMAS O. RICE
United States District Judge